1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT FOR THE

7                EASTERN DISTRICT OF CALIFORNIA

8

9  RAY MARTIN HEFFINGTON,          )     No. CV-96-5295 OWW
                                   )     (No. CR-F-93-5021 OWW)
10                                 )
                                   )     MEMORANDUM DECISION AND
11            Petitioner,          )     ORDER DENYING PETITIONER'S
                                   )     MOTION FOR ENTRY OF FINAL
12        vs.                      )     JUDGMENT, MOTION TO REOPEN
                                   )     AND RECONSIDER FINAL
13                                 )     JUDGMENT AND ORDER DENYING
   UNITED STATES OF AMERICA,       )     SECTION 2255 MOTION, AND
14                                 )     MOTION FOR LEAVE TO AMEND
                                   )     AND SUPPLEMENT RULE 60(b)
15            Respondent.          )     MOTION (Docs. 238, 239 &
                                   )     241) AND DIRECTING CLERK OF
16 _____)     COURT TO ENTER JUDGMENT FOR
                                         RESPONDENT
17
18
19

20       Petitioner and two others were charged with conspiracy to

21  distribute and possess with intent to distribute approximately

22  five pounds of methamphetamine in violation of 21 U.S.C. §§

23  841(a)(1) and 846 and with possession of methamphetamine with

24  intent to distribute in violation of Section 841(a)(1).  Prior to

25  the jury trial, the United States filed an Information to

26  Establish Prior Conviction pursuant to 21 U.S.C. § 851, giving

                              1

notice:

> [T]he United States intends to rely on defendant Ray Martin Heffington's March 10, 1987 felony conviction in Santa Clara [sic] Superior Court for Possession of Cocaine, case number 109622 and also his January 22, 1998 felony conviction in Santa Clara County Superior Court for Possession of Methamphetamine, case number 119081, for purposes of sentence enhancement under 21 U.S.C. § 841(b)(1)(A) ....

Petitioner was convicted of both federal charges on May 7, 1993. On June 28, 1993, Petitioner moved to strike his prior conviction for possession of methamphetamine on various grounds. Petitioner's motion to strike was denied.  On August 2, 1993, Petitioner was sentenced to life imprisonment without release, pursuant to the mandatory sentence enhancement requirement of 21 U.S.C. 841(b)(1)(A).  Petitioner's conviction and sentence were affirmed on appeal by the Ninth Circuit.

On March 22, 1996, Petitioner filed a motion pursuant to Section 2255 claiming: (1) violation of 21 U.S.C. § 851 because Petitioner was not asked by the sentencing court whether the prior felony convictions were accurate; (2) improper application of the term "felony drug offense" to his two prior felony convictions; and (3) ineffective assistance of counsel for his counsel's alleged failure to object to the use of Petitioner's two prior felony convictions at sentencing in the federal case. Petitioner's Section 2255 motion was denied by Order filed on November 26, 1996 on all claims because: (1) Section 851(e) prevents a defendant from attacking convictions older than five

2

years after the judgments were entered in the underlying cases;
(2) Petitioner's two prior California convictions for simple drug
possession qualify as "felony drug offense(s)" under Section
841(b)(1)(A); and (3) counsel was not ineffective for not raising
Petitioner's claims during sentencing since the claims were
meritless.  (Doc. 198).

On December 5, 1996, Petitioner filed an appeal to the Ninth
Circuit from the denial of his Section 2255 motion.  The Ninth
Circuit remanded the appeal to this Court for the limited purpose
of granting or denying a certificate of appealability.  By Order
filed on April 1, 1997, this Court denied a certificate of
appealability.  By certified copy filed with this Court on
September 15, 1997, the Ninth Circuit denied a certificate of
appealability and dismissed Petitioner's appeal.

On June 15, 2001, the Ninth Circuit granted Petitioner
permission to file a second or successive Section 2255 motion on
his claim that the drug quantity used in determining his sentence
was neither charged in the indictment nor submitted to the jury.
Petitioner's second Section 2255 motion was filed on June 18,
2001 setting forth this claim.  On June 17, 2002, prior to the
Government's response, Petitioner amended the second Section 2255
motion, asserting as his second claim that counsel was
ineffective by failing to object to the use of Petitioner's two
prior state felony convictions at sentencing.  By Memorandum and
Order filed on August 18, 2004, Petitioner's second Section 2255
motion was denied as well as a Certificate of Appealability.

3

(Doc. 236).  Judgment was entered on August 19, 2004.  Petitioner did not appeal the denial of his second Section 2255 motion to the Ninth Circuit.

On February 14, 2007, Petitioner filed a motion for entry of final judgment by the Clerk with respect to the November 26, 1996 denial of his Section 2255 motion.  Petitioner makes this request "so that he can properly and timely file a notice of appeal and request a certificate of appealability."

Petitioner's motion is DENIED.  On December 5, 1996, Petitioner filed an appeal to the Ninth Circuit from the denial of his Section 2255 motion.  The Ninth Circuit remanded the appeal to this Court for the limited purpose of granting or denying a certificate of appealability.  By Order filed on April 1, 1997, this Court denied a certificate of appealability.  By certified copy filed with this Court on September 15, 1997, the Ninth Circuit denied a certificate of appealability and dismissed Petitioner's appeal.  Petitioner's contention that the failure to enter Judgment in connection with the November 26, 1996 denial of his first Section 2255 motion allows him now to file an appeal from the denial of his first Section 2255 motion is mooted by the facts that Petitioner did appeal and the Ninth Circuit denied the appeal by declining to issue a Certificate of Appealability.

On May 14, 2007, Petitioner filed a "Motion to Reopen and Reconsider Final Judgment and Order Denying Section 2255 Motion Pursuant to Fed. R. Civ. P. 60(b)."  Petitioner, relying on the failure of the Clerk of the Court to issue a separate Judgment in

connection with the November 26, 1996 denial of his Section 2255 motion, moves to reopen that motion pursuant to Rule 60(b)(1) and (b)(6), Federal Rules of Civil Procedure, based on *Lopez v. Gonzalez*, 127 S.Ct. 625 (2006).

On May 5, 2008, Petitioner filed a "Motion for Leave to Amend and Supplement Rule 60(b) Motion", seeking leave to amend the May 14, 2007 motion to include a claim for relief pursuant to *Burgess v. United States*, ___ U.S. ___, 128 U.S. 1572 (2008)

In *Lopez v. Gonzalez*, 549 U.S. 47, 127 S.Ct. 625 (2006), the Supreme Court addressed "whether conduct made a felony under state law but a misdemeanor under the Controlled Substances Act is a 'felony punishable under the Controlled Substances Act.' 18 U.S.C. § 924(c)(2)." *Id.* at 627. The *Lopez* case dealt with the Immigration and Nationality Act which "lists as an 'aggrieved felony' 'illicit trafficking in a controlled substance ... including a drug trafficking crime (as defined in section 924(c) of title 18)," 8 U.S.C. § 1101(a)(43)(B), but does not define "illicit trafficking." 18 U.S.C. § 924(c)(2) defines "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act [CSA]." Lopez, a legal permanent resident alien, pleaded guilty to South Dakota charges of aiding and abetting another person's possession of cocaine, which state law treated as the equivalent of possessing the drug, a state felony. The INS began removal proceedings against Lopez on the ground, *inter alia*, that Lopez's state conviction was for an aggravated felony. The Immigration Judge ultimately ruled that

5

despite the CSA's treatment of Lopez's crime as a misdemeanor, *see* 21 U.S.C. § 844(a), it was an aggravated felony under the INA owing to its being a felony under state law and ordered Lopez removed.  The Board of Immigration affirmed as did the Eighth Circuit.  The Supreme Court reversed, holding that "a state offense constitutes a 'felony under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."  *Id.* at 634.

In *Burgess v. United States*, the Supreme Court addressed: "Does a drug crime classified as a misdemeanor by state law, but punishable by more than one year's imprisonment, rank as a 'felony drug offense' under 21 U.S.C. § 841(b)(1)(A)?"  128 S.Ct. at 1576.  The Supreme Court held: "Because the term 'felony drug offense' in § 841(b)(1)(A) is defined exclusively by § 802(44) and does not incorporate § 802(13)'s definition of 'felony,' a state drug offense punishable by more than one year qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor."  *Id.* at 1574.

Rule 60(b)(1) and (6), Federal Rules of Civil Procedure, provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> ...
>
> (6) any other reason justifying relief from

6

the judgment.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a petitioner convicted in state court for robbery with a firearm filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The United States District Court dismissed the Section 2241 petition as time-barred, and denied a certificate of appealability.  Petitioner moved in the District Court for relief from the judgment of dismissal pursuant to Rule 60(b), Federal Rules of Civil Procedure.  The District Court denied the motion and the petitioner appealed.  The Court of Appeal initially granted a certificate of appealability, but later quashed the COA as improvidently granted and affirmed the denial of the Rule 60(b) motion.  The Supreme Court discussed the interaction between Rule 60(b), Federal Rules of Civil Procedure, and the AEDPA.  After noting that the AEDPA and its decisions make clear that a "claim" "is an asserted federal basis for relief from a ... judgment of conviction", *id.* at 530, the Supreme Court stated:

> In some instances, a Rule 60(b) motion will contain one or more 'claims.'  For example, it might straightforwardly assert that owing to 'excusable neglect.' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim ... Similarly, a motion might seek leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied ... Or a motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim ... Virtually

every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly ....

We think those holdings are correct.  A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute.  28 U.S.C. § 2254 Rule 11.  Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b).  Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'  In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple.  A motion that seeks to add a new ground for relief ... will of course qualify.  A motion can also be said

8

> to bring a 'claim' if it attacks the federal
> court's previous resolution of a claim *on the*
> *merits*, since alleging that the court erred
> by denying habeas relief on the merits is
> effectively indistinguishable from alleging
> that the movant is, under the substantive
> provisions of the statutes, entitled to
> habeas relief.

*Id.* at 531-532.   However, the Supreme Court ruled:

> That is not the case ... when a Rule 60(b)
> motion attacks, not the substance of the
> federal court's resolution of a claim on the
> merits, but some defect in the integrity of
> the federal habeas proceedings.

*Id.* at 532.   The Supreme Court noted:

> Fraud on the federal habeas court is one
> example of such a defect.   See generally
> *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2
> 2001)(a witness's allegedly fraudulent basis
> for refusing to appear at a federal habeas
> hearing 'relate[d] to the integrity of the
> federal habeas proceeding, not to the
> integrity of the state criminal trial').   We
> note than an attack based on the movant's own
> conduct, or his habeas counsel's omissions,
> see, *e.g., supra*, at 530-531, ordinarily does
> not go to the integrity of the proceedings,
> but in effect asks for a second chance to
> have the merits determined favorably.

Here, Petitioner's reliance on Rule 60(b)(1) and (b)(6) to assert that his prior state convictions used to enhance his federal sentence are not felonies under federal law because of *Lopez v. Gonzales* and *Burgess v. United States* is exactly what the Supreme Court in *Gonzalez v. Crosby* precluded.   Petitioner is asserting that *Lopez v. Gonzales* and *Burgess v. United States* announce new rules of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, rendering this Court's prior rulings on

9

his two previous Section 2255 motions incorrect.  This is a second or successive claim for relief under Section 2255 for which Petitioner must apply to the Ninth Circuit for permission to raise in this Court.  *See* 28 U.S.C. § 2244; 28 U.S.C. § 2255(h)(2).  This Court lacks jurisdiction to hear Petitioner's Rule 60(b) motions.  *United States v. Allen*, 157 F.3d 661, 664 (9th Cir.1998).

For the reasons stated above:

1.  Petitioner's Motion for Entry of Final Judgment; Petitioner's Motion to Reopen and Reconsider Final Judgment and Order Denying Section 2255 Motion Pursuant to Fed. R. Civ. P. 60(b); and Petitioner's Motion for Leave to Amend and Supplement Rule 60(b) motion are DENIED;

2.  The Clerk of the Court is directed to enter Judgment for Respondent.

IT IS SO ORDERED.

Dated: __May 9, 2008__                 _____/s/ Oliver W. Wanger_____
                                       UNITED STATES DISTRICT JUDGE