IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAY MARTIN HEFFINGTON, | ) | No. CV-F-96-5295 OWW |
| | ) | (No. CR-F-93-5021 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | "MOTION TO RE-OPEN AND |
| vs. | ) | RECONSIDER FINAL JUDGMENT |
| | ) | AND ORDER DENYING SECTION |
| | ) | 2255 MOTION PURSUANT TO AN |
| UNITED STATES OF AMERICA, | ) | INDEPENDENT ACTION UNDER |
| | ) | FED. R. CIV. P. 60(d)(1)" |
| | ) | AND DIRECTING CLERK TO ENTER |
| Respondent. | ) | JUDGMENT FOR RESPONDENT |
| | ) | |
| _____ | ) | |

On July 9, 2009, Petitioner Ray Martin Heffington, proceeding *in pro per*, filed a "Motion to Reopen and Reconsider Final Judgment and Order Denying Section 2255 Motion Pursuant to an Independent Action under Fed. R. Civ. P. 60(d)(1)."

Petitioner and two others were charged with conspiracy to distribute and possess with intent to distribute approximately five pounds of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and with possession of methamphetamine with

1

intent to distribute in violation of Section 841(a)(1).  Prior to the jury trial, the United States filed an Information to Establish Prior Conviction pursuant to 21 U.S.C. § 851, giving notice:

> [T]he United States intends to rely on defendant Ray Martin Heffington's March 10, 1987 felony conviction in Santa Clara [sic] Superior Court for Possession of Cocaine, case number 109622 and also his January 22, 1998 felony conviction in Santa Clara County Superior Court for Possession of Methamphetamine, case number 119081, for purposes of sentence enhancement under 21 U.S.C. § 841(b)(1)(A) ....

Petitioner was convicted of both federal charges on May 7, 1993. On June 28, 1993, Petitioner moved to strike his prior conviction for possession of methamphetamine on various grounds. Petitioner's motion to strike was denied.  On August 2, 1993, Petitioner was sentenced to life imprisonment without release, pursuant to the mandatory sentence enhancement requirement of 21 U.S.C. 841(b)(1)(A).  Petitioner's conviction and sentence were affirmed on appeal by the Ninth Circuit.

On March 22, 1996, Petitioner filed a motion pursuant to Section 2255 claiming: (1) violation of 21 U.S.C. § 851 because Petitioner was not asked by the sentencing court whether the prior felony convictions were accurate; (2) improper application of the term "felony drug offense" to his two prior felony convictions; and (3) ineffective assistance of counsel for his counsel's alleged failure to object to the use of Petitioner's two prior felony convictions at sentencing in the federal case.

Petitioner's Section 2255 motion was denied by Order filed on November 26, 1996 on all claims because: (1) Section 851(e) prevents a defendant from attacking convictions older than five years after the judgments were entered in the underlying cases; (2) Petitioner's two prior California convictions for simple drug possession qualify as "felony drug offense(s)" under Section 841(b)(1)(A); and (3) counsel was not ineffective for not raising Petitioner's claims during sentencing since the claims were meritless.  (Doc. 198).

On December 5, 1996, Petitioner filed an appeal to the Ninth Circuit from the denial of his Section 2255 motion.  The Ninth Circuit remanded the appeal to this Court for the limited purpose of granting or denying a certificate of appealability.  By Order filed on April 1, 1997, this Court denied a certificate of appealability.  By certified copy filed with this Court on September 15, 1997, the Ninth Circuit denied a certificate of appealability and dismissed Petitioner's appeal.

On June 15, 2001, the Ninth Circuit granted Petitioner permission to file a second or successive Section 2255 motion on his claim that the drug quantity used in determining his sentence was neither charged in the indictment nor submitted to the jury. Petitioner's second Section 2255 motion was filed on June 18, 2001 setting forth this claim.  On June 17, 2002, prior to the Government's response, Petitioner amended the second Section 2255 motion, asserting as his second claim that counsel was ineffective by failing to object to the use of Petitioner's two

prior state felony convictions at sentencing.  By Memorandum and Order filed on August 18, 2004, Petitioner's second Section 2255 motion was denied as well as a Certificate of Appealability. (Doc. 236).  Judgment was entered on August 19, 2004.  Petitioner did not appeal the denial of his second Section 2255 motion to the Ninth Circuit.

On May 14, 2007, Petitioner filed a "Motion to Reopen and Reconsider Final Judgment and Order Denying Section 2255 Motion Pursuant to Fed. R. Civ. P. 60(b)."  Petitioner moved to reopen that motion pursuant to Rule 60(b)(1) and (b)(6), Federal Rules of Civil Procedure, based on *Lopez v. Gonzalez*, 127 S.Ct. 625 (2006). On May 5, 2008, Petitioner filed a "Motion for Leave to Amend and Supplement Rule 60(b) Motion", seeking leave to amend the May 14, 2007 motion to include a claim for relief pursuant to *Burgess v. United States*, ___ U.S. ___, 128 U.S. 1572 (2008).

By Memorandum Decision and Order filed on May 13, 2008, Petitioner's motions were denied:

> In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a petitioner convicted in state court for robbery with a firearm filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The United States District Court dismissed the Section 2241 petition as time-barred, and denied a certificate of appealability.  Petitioner moved in the District Court for relief from the judgment of dismissal pursuant to Rule 60(b), Federal Rules of Civil Procedure.  The District Court denied the motion and the petitioner appealed.  The Court of Appeal initially granted a certificate of appealability, but later quashed the COA as improvidently granted and affirmed the denial of the Rule 60(b) motion.  The Supreme Court

discussed the interaction between Rule 60(b), Federal Rules of Civil Procedure, and the AEDPA.  After noting that the AEDPA and its decisions make clear that a "claim" "is an asserted federal basis for relief from a ... judgment of conviction", *id.* at 530, the Supreme Court stated:

> In some instances, a Rule 60(b) motion will contain one or more 'claims.'  For example, it might straightforwardly assert that owing to 'excusable neglect.' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim ... Similarly, a motion might seek leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied ... Or a motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim ... Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly ....
>
> We think those holdings are correct.  A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute. 28 U.S.C. § 2254 Rule 11.  Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed

unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b).  Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'  In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple.  A motion that seeks to add a new ground for relief ... will of course qualify.  A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred by denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the

6

statutes, entitled to habeas
relief.

*Id.* at 531-532.   However, the Supreme Court
ruled:

That is not the case ... when a Rule 60(b)
motion attacks, not the substance of the
federal court's resolution of a claim on the
merits, but some defect in the integrity of
the federal habeas proceedings.

*Id.* at 532.   The Supreme Court noted:

Fraud on the federal habeas court is one
example of such a defect.   See generally
*Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2
2001)(a witness's allegedly fraudulent basis
for refusing to appear at a federal habeas
hearing 'relate[d] to the integrity of the
federal habeas proceeding, not to the
integrity of the state criminal trial').   We
note than an attack based on the movant's own
conduct, or his habeas counsel's omissions,
see, *e.g., supra*, at 530-531, ordinarily does
not go to the integrity of the proceedings,
but in effect asks for a second chance to
have the merits determined favorably.

Here, Petitioner's reliance on Rule 60(b)(1)
and (b)(6) to assert that his prior state
convictions used to enhance his federal
sentence are not felonies under federal law
because of *Lopez v. Gonzales* and *Burgess v.
United States* is exactly what the Supreme
Court in *Gonzalez v. Crosby* precluded.
Petitioner is asserting that *Lopez v.
Gonzales* and *Burgess v. United States*
announce new rules of constitutional law,
made retroactive to cases on collateral
review by the Supreme Court that was
previously unavailable, rendering this
Court's prior rulings on his two previous
Section 2255 motions incorrect.   This is a
second or successive claim for relief under
Section 2255 for which Petitioner must apply
to the Ninth Circuit for permission to raise
in this Court.   *See* 28 U.S.C. § 2244; 28
U.S.C. § 2255(h)(2).   This Court lacks
jurisdiction to hear Petitioner's Rule 60(b)
motions.   *United States v. Allen*, 157 F.3d

7

661, 664 (9th Cir.1998).

Petitioner appealed the May 13, 2008 Memorandum Decision and Order to the Ninth Circuit.  A Certificate of Appealability was denied by this Court.  By Order filed on January 18, 2009, the Ninth Circuit denied a Certificate of Appealability.

Petitioner's instant motion raises essentially the same grounds that the Court concluded it did not have jurisdiction to consider in the May 13, 2008 Memorandum Decision and Order. Petitioner contends:

> Petitioner moves to reopen his Section 2255 proceedings pursuant to Rule 60(d)(1), Federal Rules of Civil Procedure, as an 'independent action in equity;' [sic] rather than Rule 60(b) as he did before because *Gonzalez v. Crosby*'s holding precludes using Rule 60(b) for this purpose, where Rule 60(d)(1) does not.

Petitioner's contention is without merit.  *See Nugent v. United States*, 2007 WL 4165676 (D.C.Cir.2007); *Dorsey v. Florida*, 2008 WL 5110416 (M.D.Fla.2008).  Petitioner's instant motion is a second or successive claim for relief under Section 2255 for which Petitioner must apply to the Ninth Circuit for permission to raise in this Court.  *See* 28 U.S.C. § 2244; 28 U.S.C. § 2255(h)(2).  This Court lacks jurisdiction to hear Petitioner's Rule 60(d)(1) motion.  *United States v. Allen*, 157 F.3d 661, 664 (9th Cir.1998).

For the reasons stated above:

1.  Petitioner's "Motion to Reopen and Reconsider Final Judgment and Order Denying Section 2255 Motion Pursuant to an

8

1  Independent Action under Fed. R. Civ. P. 60(d)(1)″ is DENIED.

2       2.   The Clerk of the Court is directed to enter Judgment for

3  Respondent.

4  IT IS SO ORDERED.

5  **Dated:    July 13, 2009**                          /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26