1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT FOR THE

7                      EASTERN DISTRICT OF CALIFORNIA

8

9   RAY MARTIN HEFFINGTON,        )        No. CV-F-96-5295 OWW
                                  )        (No. CR-F-93-5021 OWW)
10                                )
                                  )        ORDER DENYING PETITIONER'S
11             Petitioner,        )        EX PARTE MOTION AND
                                  )        DIRECTING CLERK OF THE COURT
12        vs.                     )        TO RE-SERVE DOC. 257
                                  )
13                                )
    UNITED STATES OF AMERICA,     )
14                                )
                                  )
15             Respondent.        )
                                  )
16  _____)

17        On September 27, 2010, Petitioner Ray Martin Heffington,

18  proceeding *in pro per*, filed a motion to compel the Clerk of the

19  Court to provide him with copies of the dockets in Case No. CR-F-

20  93-5021 and Case No. CV-F-96-5295 at Government expense.

21        Petitioner and two others were charged with conspiracy to

22  distribute and possess with intent to distribute approximately

23  five pounds of methamphetamine in violation of 21 U.S.C. §§

24  841(a)(1) and 846 and with possession of methamphetamine with

25  intent to distribute in violation of Section 841(a)(1).  Prior to

26  the jury trial, the United States filed an Information to

                                  1

Establish Prior Conviction pursuant to 21 U.S.C. § 851, giving

notice:

> [T]he United States intends to rely on
> defendant Ray Martin Heffington's March 10,
> 1987 felony conviction in Santa Clara [sic]
> Superior Court for Possession of Cocaine,
> case number 109622 and also his January 22,
> 1998 felony conviction in Santa Clara County
> Superior Court for Possession of
> Methamphetamine, case number 119081, for
> purposes of sentence enhancement under 21
> U.S.C. § 841(b)(1)(A) ....

Petitioner was convicted of both federal charges on May 7, 1993.

On June 28, 1993, Petitioner moved to strike his prior conviction

for possession of methamphetamine on various grounds.

Petitioner's motion to strike was denied.  On August 2, 1993,

Petitioner was sentenced to life imprisonment without release,

pursuant to the mandatory sentence enhancement requirement of 21

U.S.C. 841(b)(1)(A).  Petitioner's conviction and sentence were

affirmed on appeal by the Ninth Circuit.

On March 22, 1996, Petitioner filed a motion pursuant to

Section 2255 claiming: (1) violation of 21 U.S.C. § 851 because

Petitioner was not asked by the sentencing court whether the

prior felony convictions were accurate; (2) improper application

of the term "felony drug offense" to his two prior felony

convictions; and (3) ineffective assistance of counsel for his

counsel's alleged failure to object to the use of Petitioner's

two prior felony convictions at sentencing in the federal case.

Petitioner's Section 2255 motion was denied by Order filed on

November 26, 1996 on all claims because: (1) Section 851(e)

prevents a defendant from attacking convictions older than five years after the judgments were entered in the underlying cases; (2) Petitioner's two prior California convictions for simple drug possession qualify as "felony drug offense(s)" under Section 841(b)(1)(A); and (3) counsel was not ineffective for not raising Petitioner's claims during sentencing since the claims were meritless.  (Doc. 198).

On December 5, 1996, Petitioner filed an appeal to the Ninth Circuit from the denial of his Section 2255 motion.  The Ninth Circuit remanded the appeal to this Court for the limited purpose of granting or denying a certificate of appealability.  By Order filed on April 1, 1997, this Court denied a certificate of appealability.  By certified copy filed with this Court on September 15, 1997, the Ninth Circuit denied a certificate of appealability and dismissed Petitioner's appeal.

On June 15, 2001, the Ninth Circuit granted Petitioner permission to file a second or successive Section 2255 motion on his claim that the drug quantity used in determining his sentence was neither charged in the indictment nor submitted to the jury. Petitioner's second Section 2255 motion was filed on June 18, 2001 setting forth this claim.  On June 17, 2002, prior to the Government's response, Petitioner amended the second Section 2255 motion, asserting as his second claim that counsel was ineffective by failing to object to the use of Petitioner's two prior state felony convictions at sentencing.  By Memorandum and Order filed on August 18, 2004, Petitioner's second Section 2255

3

motion was denied as well as a Certificate of Appealability. (Doc. 236).  Judgment was entered on August 19, 2004.  Petitioner did not appeal the denial of his second Section 2255 motion to the Ninth Circuit.

On May 14, 2007, Petitioner filed a "Motion to Reopen and Reconsider Final Judgment and Order Denying Section 2255 Motion Pursuant to Fed. R. Civ. P. 60(b)."  Petitioner moved to reopen that motion pursuant to Rule 60(b)(1) and (b)(6), Federal Rules of Civil Procedure, based on *Lopez v. Gonzalez*, 127 S.Ct. 625 (2006). On May 5, 2008, Petitioner filed a "Motion for Leave to Amend and Supplement Rule 60(b) Motion", seeking leave to amend the May 14, 2007 motion to include a claim for relief pursuant to *Burgess v. United States*, ___ U.S. ___, 128 U.S. 1572 (2008).

By Memorandum Decision and Order filed on May 13, 2008, Petitioner's motions were denied (Doc. 242). Petitioner appealed the May 13, 2008 Memorandum Decision and Order to the Ninth Circuit.  A Certificate of Appealability was denied by this Court.  By Order filed on January 18, 2009, the Ninth Circuit denied a Certificate of Appealability.

On July 7, 2009, Petitioner filed a motion for reconsideration, raising essentially the same grounds that the Court concluded it did not have jurisdiction to consider in the May 13, 2008 Memorandum Decision and Order.  By Memorandum Decision and Order filed on July 13, 2009, Petitioner's motion for reconsideration was denied (Doc. 257).

The July 13, 2009 Memorandum Decision and Order was served

4

1    on Petitioner on July 13, 2009.  However, the Post Office Box for

2    Victorville Federal Correctional Institution was incorrectly

3    stated on the docket, the docket stating the Post Office Box as

4    "5500" instead of "5300."  The July 13, 2009 Memorandum Decision

5    was returned to the Clerk's Office as undeliverable.

6    Petitioner's address on the docket has been corrected and the

7    Clerk of the Court is directed to re-serve Petitioner with the

8    July 13, 2009 Memorandum Decision and Order, (Doc. 257).

9         As to Petitioner's request that copies of the dockets at

10   Government expense, 28 U.S.C. § 753(b) provides:

11               The original notes or other original records
                 and the copy of the transcript in the office
12               of the clerk shall be open during office
                 hours to inspection by any person without
13               charge.

14   Although the Seventh Circuit has held prisoners who have no

15   counsel and were collaterally attacking their underlying criminal

16   convictions have "an absolute personal right to reasonable access

17   to the pre-existing files and records of their underlying case"

18   *Rush v. United States*, 559 F.2d 455, 458 (7th Cir.1977), no other

19   Court of Appeals has adopted the Seventh Circuit's reasoning, and

20   the Eighth, Tenth and Eleventh Circuits have explicitly rejected

21   such reasoning.  *United States v. Loesing,* 601 F.2d 351, 353 (8th

22   Cir.1979);  *Sistrunk v. United States,* 992 F.2d 258, 259-260

23   (10th Cir.1993); *Hansen v. United States*, 956 F.2d 245, 248 (11th

24   Cir.1992).  In *Hansen*, the Eleventh Circuit ruled that "a request

25   by a prisoner for access to the court files of his underlying

26   criminal conviction is premature prior to the filing of a

collateral attack on the conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding."  956 F.2d at 248.  The Court, as it has done in numerous other cases, follows the weight of authority.

Here, Petitioner has filed four post-conviction challenges to his criminal conviction, all of which were denied by this Court.  The Ninth Circuit has affirmed the Court's rulings in three of these challenges.  The fourth post-conviction challenge, Petitioner's motion for reconsideration, has not been considered by the Ninth Circuit because Petitioner did not file a notice of appeal because of the service address error noted above. Nonetheless, all of Petitioner's post-conviction challenges have been ruled meritless and Petitioner makes no showing that copies of the dockets at Government expense is necessary to the resolution of any proceeding in this Court or in the Ninth Circuit.  Petitioner's contention that he "has a right pursuant to the Sixth Amendment and the Fourteenth Amendment to receive the District Court Clerk's Docket Record to establish the correctness of the Clerk's Entry(s)" is not necessary to the resolution of any pending matter in this Court or in the Ninth Circuit.

Petitioner contends:

> [P]resumably this Court holds, as do other
> Courts, that a District Court Clerk's Docket
> Record may serve as a 'Brief' under some

1       Rules, when it does, an Appeal will be
2       dismissed if Appellant fails to complete the
        Docket Statement requested information.

3  Petitioner cites no authority supporting this contention.   In

4  *Smith v. Barry*, 502 U.S. 244 (1992), the Supreme Court held that

5  a document intended to serve as an appellate brief may qualify as

6  the functional equivalent of a notice of appeal required by Rule

7  3, Federal Rules of Appellate Procedure if it is filed within the

8  time allowed by Rule 4, Federal Rules of Appellate Procedure.

9  *See also Ayala v. United States*, 980 F.2d 1342, 1344 (10th

10 Cir.1992)(holding that a docketing statement and an attachment

11 sufficiently augmented a defective notice of appeal).   Here,

12 however, Petitioner has not attempted to file a docket statement

13 in lieu of a notice of appeal.   The record in this action

14 establishes that Petitioner knows how to file a Notice of Appeal.

15 *See* Docs. 200, 243.   Therefore, a copy of the dockets at

16 Government expense is not necessary to Petitioner's appeal, if

17 any, from the denial of his motion for reconsideration.

18      Petitioner's argument that denial of the copies of the

19 docket at Government expense is a denial of equal protection and

20 due process of law is without merit.   If Petitioner had shown

21 that copies of the dockets were necessary to the prosecution of a

22 non-frivolous post-conviction motion, the copies would be

23 provided.   As noted, Petitioner makes no such showing.

24      For the reasons stated:

25      1.   Petitioner's ex parte motion to compel the Clerk of the

26 Court to provide him with copies of the dockets in Case No. CR-F-

7

1   93-5021 and Case No. CV-F-96-5295 at Government expense is

2   DENIED;

3        2.   The Clerk of the Court is directed to re-serve

4   Petitioner with the July 13, 2009 Memorandum Decision and Order,

5   (Doc. 257).

6        IT IS SO ORDERED.

7   Dated:   October 12, 2010              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

8