# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAY MARTIN HEFFINGTON,<br><br>Defendant. | CASE NO. 1:93-CR-5021-(1)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 AND MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(ECF Nos. 273, 277) |

Before the Court is Defendant Ray Martin Heffington's ("Petitioner" or "Heffington") *pro se* 28 U.S.C. § 2255 ("Section 2255") motion for resentencing. ECF No. 273. The Government filed an opposition to the Section 2255 motion. ECF No. 289. Also before the Court is Petitioner's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582 ("Section 3582") and U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. ECF No. 277. The Federal Defender's Office filed a notice declining to supplement the Section 3582 motion (ECF No. 282), and the Government filed an opposition on the basis that Heffington is not eligible for a reduction under § 1B1.10 (ECF No. 284). Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court decides the motions as set forth below.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I.     BACKGROUND

Petitioner and two co-defendants were charged with possession of methamphetamine with intent to distribute (a violation of 21 U.S.C. § 841(a)(1)) and with conspiracy to distribute and possess with intent to distribute methamphetamine (a violation of 21 U.S.C. §§ 841(a)(1) and 846). On April 1, 1993, the United States pursuant to 21 U.S.C. § 851 filed an Information, giving notice that:

> [T]he United States intends to rely on defendant Ray Martin Heffington's March 10, 1987 felony conviction in Santa Clara [County] Superior Court for Possession of Cocaine, case number 109622 and also his January 22, 1998 felony conviction in Santa Clara County Superior Court for Possession of Methamphetamine, case number 119081, for purposes of sentence enhancement under 21 U.S.C. § 841(b)(1)(A) … .

ECF Nos. 47, 65. In motions *in limine*, Heffington moved to exclude from the Government's case in chief the use of prior convictions for impeachment purposes. ECF Nos. 55, 56. At a hearing held on April 26, 2993, the Court granted in part and denied in part Heffington's motions *in limine*. ECF No. 75.

Heffington pleaded not guilty to a two-count Indictment. *See* PSR *¶* 1; ECF Nos. 22, 88. Subsequent to an eight-day jury trial, the jury found Heffington guilty of both charges, including violations of 21 U.S.C. §§ 841 (a)(1) and 846, Conspiracy to Possess with Intent to Distribute Methamphetamine (Count One); and, 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Methamphetamine (Count Two) on May 7, 1993. PSR ¶ 1; ECF Nos. 88, 89, 155-162. The amount of drugs attributed to him was 1994.4 grams (approximately five pounds) of methamphetamine. PSR ¶ 14. On June 28, 1993, Petitioner moved to strike his prior convictions for drug possession on various grounds (ECF Nos. 111, 112), and the Court denied the motion (ECF No. 126).

According to the PSR, the Defendant's base offense level, pursuant to §2D1.1(a)(5)(iii), was 36 based on the amount of methamphetamine involved in the case (PSR at ¶¶ 13-14), and his criminal history was category III, based on 4 criminal history points (*id.* at ¶¶ 24-26). Pursuant to § 3B1.1, the PSR recommended a two-level increase based on Defendant's aggravating role in the offense, (*id.* at ¶¶ 16-17), for a total adjusted offense level of 38. *See id.* at ¶ 20. The PSR did not recommend an adjustment for acceptance of responsibility. *Id.* The Guideline range for a defendant with an offense level of 36 and a criminal history category III was 292-365 months. *See* U.S.S.G.

Ch. 5, Pt. A (1992). That the Government, prior to trial pursuant to § 851, filed two Notices of Information alleging that Defendant had sustained two prior felony drug offenses (ECF Nos. 47, 48; PSR ¶ 37) triggered a mandatory minimum sentence of life in prison (PSR ¶ 37). Therefore, the PSR recommended imposing the mandatory minimum life sentence as to each of the counts of conviction. *See* PSR at 2a & 18.

Other than finding that Defendant's acceptance of responsibility warranted a two-level reduction for an adjusted total offense level of 36, the Court adopted the PSR. ECF No. 127 at 3. However, pursuant to the mandatory sentence enhancement requirement of § 841(b) predicated on Heffington's two prior felonies as included in the Information filed by the Government pre-trial, the Court on August 2, 1993 imposed a mandatory minimum life sentence for both counts, to be served concurrently; 60 months supervised release; and a $100 special assessment. ECF Nos. 126, 127. Heffington appealed. ECF No. 134. The Ninth Circuit Court of Appeals affirmed his conviction and sentence. ECF No. 184; *see United States v. Heffington*, 52 F.3d 335 (9th Cir. 1995).

## II.  PROCEDURAL HISTORY

Because Petitioner's previous Section 2255 motions are relevant to the instant motion, the Court reviews these in some detail. On March 22, 1996, Petitioner filed a motion pursuant to Section 2255 claiming: (1) violation of 21 U.S.C. § 851, because Petitioner was not asked by the sentencing court whether the prior felony convictions were accurate; (2) improper application of the term "felony drug offense" to his two prior felony convictions; and, (3) ineffective assistance of counsel for his counsel's alleged failure to object to the use of Petitioner's two prior felony convictions at sentencing in the federal case. On November 26, 1996, the Court denied all claims in Petitioner's Section 2255 motion, reasoning that: (1) 21 U.S.C. § 851(e) prevents a defendant from attacking convictions older than five years after the judgments were entered in the underlying cases; (2) Petitioner's two prior California convictions for simple drug possession qualified as "felony drug offense(s)" under 21 U.S.C. § 841(b)(1)(A); and, (3) counsel was not ineffective for not objecting during sentencing about the use of the prior convictions during sentencing since such claims were meritless. ECF No. 198. Petitioner appealed to the Ninth Circuit. For the limited purpose of granting or denying a certificate of appealability, the circuit court remanded to this

Case 1:93-cr-05021-LJO   Document 291   Filed 04/25/16   Page 4 of 13
default

Court, which denied a certificate. ECF Nos. 205, 206. On September 15, 1997, the Ninth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. ECF No. 210.

On June 15, 2001, the Ninth Circuit granted Petitioner permission to file a second or successive Section 2255 motion on his claim that the drug quantity used in determining his sentence was neither charged in the indictment nor submitted to the jury. ECF No. 227. On June 10, 2002, Petitioner filed a second motion bringing that claim. ECF No. 228. On July 16, 2002, prior to the Government's response, Petitioner amended his motion asserting, as an additional claim, that his counsel was ineffective by failing to object to the use of Petitioner's two prior state felony convictions at sentencing. ECF No. 231. On August 18, 2004, the Court denied both Petitioner's second motion and a certificate of appealability. ECF No. 236. On August 19, 2004, the Court entered Judgment (ECF No. 237), and Petitioner did not appeal.

On May 14, 2007, based on *Lopez v. Gonzalez,* 549 U.S. 47 (2006), Petitioner filed a "Motion to Reopen and Reconsider Final Judgment and Order Denying Section 2255 Motion Pursuant to Fed.R.Civ.P. 60(b)" and (b)(6). ECF No. 239. Seeking leave to amend the motion, Petitioner on May 5, 2008 filed "Motion for Leave to Amend and Supplement Rule 60(b) Motion," seeking leave to amend the May 14, 2007 motion to include a claim for relief, citing *Burgess v. United States,* ––– U.S. –––, 128 U.S. 1572 (2008). ECF No. 241. The Court denied Petitioner's motions on May 13, 2008. ECF No. 242. Petitioner filed a notice of appeal on June 9, 2008 (ECF No. 243), and this Court denied the request for a certificate of appealability. ECF Nos. 246, 249. The Ninth Circuit, on January 18, 2009, also denied a certificate of appealability. ECF No. 255. Petitioner filed a motion for reconsideration of the Court's May 13, 2008 Order (ECF No. 256), which the Court denied. ECF No. 257.

In sum, as outlined in *Heffington v. United States*, No. CR-F-93-5021 OWW, 2010 WL 4010338, at *3 (E.D. Cal. Oct. 13, 2010), the Court has denied all four of Petitioner's four post-conviction challenges to his criminal conviction. Of the Court's denials, three have been affirmed by the Ninth Circuit Court of Appeals, and Petitioner did not appeal the fourth. *Id.*

On September 27, 2010, Petitioner filed an ex parte motion to compel the Clerk of Court to provide him with copies of the dockets of two of his prior cases at the government's expense (ECF

4

No. 260), which the Court denied in part and, granted only to the extent of directing the Clerk of Court to re-serve Petitioner with a particular prior order. ECF No. 261 (*Heffington v. United States*, No. CR-F-93-5021 OWW, 2010 WL 4010338, at *1-4 (E.D. Cal. Oct. 13, 2010)).

On March 25, 2013, Petitioner filed a motion under 28 U.S.C. § 1651 (ECF No. 264), which the Court denied as frivolous. ECF No. 266. Petitioner appealed the decision to the Ninth Circuit (ECF No. 267, 268), and the circuit court remanded for the limited purpose of deciding whether to grant a certificate of appealability. ECF No. 269. This Court denied a certificate of appealability (ECF No. 270), the Ninth Circuit likewise denied a certificate (ECF No. 271), and subsequently denied Petitioner's motion for reconsideration. ECF No. 272.

On November 4, 2014, voters in the State of California enacted Proposition 47, "The Safe Neighborhoods and Schools Act," ("Proposition 47") codified at Cal. Penal Code § 1170.18 et seq. Once Proposition 47 was approved by the voters, the proposition "became a duly enacted constitutional amendment or statute." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2663 (2013) (internal quotations omitted). As a result, the Superior Court of California, County of Santa Clara, retroactively designated as misdemeanors Petitioner's prior drug convictions (Case Nos. 109622 and 119081), on April 6 and May 18, 2015, respectively, pursuant to Proposition 47. *See* ECF No. 273 at 17 &19, Exs. 7 & 9.

In light of the redesignation of the predicate convictions relevant to his federal sentence enhancement, Petitioner on December 10, 2015 filed the instant motion to vacate, set aside or correct his sentence. ECF No. 273. The Court requested that the Government respond (ECF No. 274), which, after a short extension, it did (ECF No. 289). On January 20, 2016, Petitioner also moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 277), which the Government opposes. ECF No. 284.

**DISCUSSION**

**I.   THRESHOLD QUESTIONS**

   **A.  Jurisdiction**

Petitioner filed a "Petitioner for Writ of Heabeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)." ECF No. 273. Yet, a petitioner cannot proceed under § 2241 unless the "escape

5

hatch" provision in Section 2255(e) applies. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). The "escape hatch" is closed to a petitioner who does not demonstrate "actual innocence." *See, e.g., Marrero v. Ives,* 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens v. Herrera,* 464 F.3d 895, 898) (a remedy qualifies as inadequate or ineffective for purposes of Section 2255 only "when the prisoner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim"). Here, Petitioner states that his "Motion is submitted based on Newly Discovered-Established Evidence of Actual Innocence." ECF No. 273 at 1. However, Petitioner does not substantively argue his factual innocence or in any way suggest that he did not commit the underlying state crimes. Rather, Petitioner explains that the State has reclassified these convictions from felonies to misdemeanors. In other words, he argues legal insufficiency. In sum, Petitioner seeks to vacate, set aside, or otherwise collaterally attacks his sentence which falls within the ambit of Section 2255. Therefore, the Court construes the motion as made pursuant to Section 2255.

### B. Propriety of Motion

Petitioner timely filed the instant motion. *See* 28 U.S.C. § 2255(f)(4) (the relevant limitations period is one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."). The Superior Court in the County of Santa Clara redesignated Petitioner's prior convictions in April and May of 2015, and Petitioner filed the instant motion in December 2015, less than a year later.

Moreover, "prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded … . [S]uch claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011). Because Proposition 47 became effective November 5, 2014, *see* Calif. Const., Art. 2, § 10(a), Petitioner's claim was not ripe at the time he filed any previous Section 2255 motion. Thus, the Court does not consider Petitioner's present claim "second or successive." *Buenrostro*, 638 F.3d at 725. Accordingly, Petitioner's petition is properly before this Court.

**II.    Section 2255 MOTION TO VACATE OR SET ASIDE SENTENCE**

### A. Legal Standard

**28 U.S.C. § 2255**

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of … the laws of the United States, … or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds … that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, … the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *see also United States v. Barron,* 172 F.3d 1153, 1157 (9th Cir. 1999).

**Sentence Enhancement**

Petitioner was sentenced under 21 U.S.C. § 841(b)(1)(A), which provides that a defendant in violation of that subsection "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence."

It is the Government's burden to establish that any relevant prior convictions exist. *See* 21 U.S.C. § 851(a)(1) ("[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless … before entry of a plea of guilty, the United States attorney files an information … stating in writing the previous convictions to be relied upon." Here, the Court enhanced Petitioner's sentence on the basis of the Government's Information filed pretrial, pursuant to 21 U.S.C. § 851, to establish Petitioner's two prior felony drug offenses. If the United States attorney files an information under this section, "the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information." 21 U.S.C. § 851(b).

**B. Analysis**

The question before the Court is whether the State's reclassification, pursuant to Proposition 47, of Petitioner's prior convictions from felony to misdemeanor has retroactive effect on his federal sentence. On April 20, 2016, in nearly factually identical circumstances, the Ninth Circuit

7

held that Proposition 47 does not apply retroactively. *United States v. Diaz*, Case No. 10-50029, 2016 WL 1579691 (9th Cir. 2016).

In *Diaz*, the Ninth Circuit considered whether a successful state petition to redesignate a predicate prior conviction as a misdemeanor has the retroactive effect that the conviction no longer counts as a prior felony conviction for purposes of 21 U.S.C. § 841. There, as in the instant case, the government filed an Information under § 851 to establish the petitioner's prior drug possession convictions. *Id.* at *8. Like here, the petitioner was subsequently convicted of drug trafficking crimes and the district court imposed life imprisonment, "a sentence mandated under 21 U.S.C. § 841(b)(1)(A) because of [Petitioner's] prior [California] convictions for a felony drug offense." *Id.* The Ninth Circuit noted that federal, and not state, law governs the court's interpretation of federal statutes, and the "general rule is that when a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not apply those changes retroactively to invalidate federal sentence enhancements." *Id.* at *11 (citing *United States v. Norbury*, 492 F.3d 1012, 1014-15 (9th Cir. 2007)). The court reflected that in similar procedural contexts, such as those it faced in *Norbury*, it had previously held that "a state's later dismissal or expungement *does not* retroactively invalidate a § 841 federal sentence enhancement." *Id.* at *12 (original emphasis) (citing *Norbury*, 492 F.3d at 1015); *but see United States v. Summey,* EDCR 5:08-cr-0181-VAP (C.D. Cal. Sept. 30, 2015) (finding that petitioner had established that his sentence was subject to collateral attack in a Section 2255 motion based on Proposition 47 and granting the motion for resentencing) (Phillips, J.), *pending review*, (Case No. 16-50078) (9th Cir.). The *Diaz* court reasoned that in factual circumstances like those it faced, there was "no reason to depart from our general rule that post-conviction state actions do not disturb a prior federal sentencing enhancement under § 841." *Id.* at *15. Because "the validity of [Petitioner's] enhancement is governed by federal law, not California law," the circuit court emphasized that even if Proposition 47 had retroactive effect for the purpose of California's state sentence enhancements, "that would not make [Petitioner's] felony conviction a misdemeanor for purposes of a federal statute." *Id.* at *16. The Ninth Circuit found that the State's reclassification of a petitioner's felony convictions as misdemeanors pursuant to California's Proposition 47:

> does not undermine a prior conviction's felony-status for purposes of § 841. Section 841 requires us to look to the status of [the Petitioner's] state conviction when he was convicted of his federal crime—and as of that day, [Petitioner] was "convict[ed] for a felony drug offense" as § 841 requires.

*Id.* For these reasons, the Ninth Circuit held that Proposition 47 does not have retroactive effect on a federal sentence. *Id.* at *10.

Where, as here, the factual conditions parallel those in *Diaz*, the sentencing court conducts a "backward looking" inquiry, *see id.* at *12 (citing *McNeill v. United States*, 131 S. Ct. 2218 (2011)), to determine "whether the prior conviction qualified as a predicate offense under the state of the law *as of the day a defendant was convicted of his current offense…*" and that the court "ignore[s] any later state changes to the state conviction." *Id.* at *11 (original emphasis) (citing, e.g., *United States v. Salazar-Mojica*, 634 F.3d 1070, 1072-74 (9th Cir. 2011)). Heffington does not dispute that at the time he was originally sentenced, on August 2, 1993, he had two prior convictions which served as the basis for the Government's information, filed pursuant to § 851. Nor does he dispute that these prior convictions, in turn, served as predicate for the sentencing enhancement—life in prison—that the Court imposed pursuant to § 841.

Applying *Diaz*, the Court denies Petitioner's Section 2255 motion.

## III. CERTIFICATE OF APPEALABILITY

Relative to Section 2255 motions, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell,* 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). A petitioner is not required to prove the merits of his case, but must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his … part." *Id.* at 338.

9

Here, reasonable jurists may disagree with the Court's dismissal without prejudice of the Section 2255 motion. Indeed, in similar circumstances, reasonable jurists have concluded that the issue presented is adequate to deserve encouragement to proceed. *See, e.g., Summey,* No. 5:08-cr-0181-VAP (Phillips, J.), *pending review*, (Case No. 16-50078) (9th Cir.) (finding that the State court's redesignation of the petitioner's prior state court convictions from felony to misdemeanor under Proposition 47 has retroactive effect in determining whether the defendant had a prior conviction for a felony drug offense under §841; granting petitioner's Section 2255 motion and ordering resentencing)*;Cf. U.S. v. Norwood*, No. 13-cr-0388-RGK-2, 2016 WL 269571, at *3-4 (C.D. Cal. Jan. 15, 2016) (Klausner, J.) (post-indictment but pre-trial, resolving the issue, as did *Summey*, on the term "felony drug offense" rather than "final" or "conviction"; finding that "Proposition 47 has retroactively redesignated the drug conviction "for all purposes" … [thus] … [Defendant] is no longer convicted of a "felony drug offense," as alleged in the Information, nor was he ever in terms of Proposition 47"). An argument could be made that Petitioner was deprived of the Constitutional right to due process. 28 U.S.C. § 2253(c)(2). It is at least possible that similar reasoning to that in *Welch v. United* States, ___ S. Ct. ___, 2016 WL 1551144 (2016), about retroactivity could apply.

A certificate of appealability will be granted.

**IV.    § 3582 MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 782**

**A.  Legal Standard**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). A federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the

10

Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under Section 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

**B. Analysis**

Defendant Heffington requests a reduction in his sentence under Amendment 782, enumerated in § 1B1.10(d). *See* ECF No. 277 at 1. He argues that he is entitled to a two-level reduction "under the new Amendment 782" because "the two prior felony convictions … which were used, utilized, relied-upon for purposes of enhancement which ultimately rendered petitioner a life sentence, have not been vitiated, reduced to misdemeanor, pursuant to a retroactive application under California Proposition 47." *Id*.

The initial inquiry of whether a defendant is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Indeed, § 3582 permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not

11

consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

Generally, when reviewing a §3582 motion the Court compares the original sentence imposed under the original guideline range to that which the defendant would receive under the amended guideline range. Here, however, it is undisputed that the Court imposed a sentence not within the guideline range, but under the statutory mandatory minimum guideline. *See* ECF Nos. 36 & 37; PSR ¶¶ 6, 33-34. Where a defendant was sentenced pursuant to a statutory mandatory minimum term of imprisonment, he is not eligible for a sentence reduction under § 3582(c). *See, e.g., United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009). Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, § 1B1.10 (a)(2)(B) requires the Court to find that no reduction of sentence may occur. Accordingly, the Court does not have the authority to modify Defendant's sentence under § 3582. *See Dillon*, 560 U.S. at 825-26. The answer at step one is that Defendant is not eligible for a sentence reduction. *See* Amendment 782, § 1B1.10; *see Paulk*, 569 F.3d at 1096.[2]

To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step-one is "No," the court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

## V. CONCLUSION AND ORDER

The Court concludes that the State's reclassification of Petitioner's prior felonies as misdemeanors pursuant to Proposition 47 does not alter the fact that at the time the Court imposed the sentence, Petitioner had "two or more prior convictions for a felony drug offense" that triggered the mandatory enhancement. 21 U.S.C. § 841(b)(1)(A). "Congress could … give retroactive effect to changes in state law 'for policy reasons unrelated to innocence or an error of law.'" *Diaz*, No. 10-50029 at * 13 (quoting *United States v. Law*, 528 F.3d 888, 911 (D.C. Cir. 2008) (per curium)). In light of *Diaz*, this Court cannot.

---

[2] Even assuming, *arguendo*, that Petitioner's § 2255 motion could be successful—though, to be clear, the Court here concludes it is not—any resentencing calculation done by the Court would be based on the Sentencing Guidelines as amended by Amendment 782. In other words, a § 3582 motion at that stage would be unnecessary.

The Court also concludes that Petitioner has no basis for seeking a reduction under Amendment 782, thus his § 3582 motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ray Martin Heffington's motion under 28 U.S.C. § 2255 (ECF No. 273) is **DENIED**. A certificate of appealability is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Ray Martin Heffington's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 277) is **DENIED**.

Finally, the Clerk of Court is **DIRECTED** to terminate the Defendant and **CLOSE** the case.

IT IS SO ORDERED.

Dated:   **April 24, 2016**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE