UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAY MARTIN HEFFINGTON,<br><br>　　　　　Defendants. | Case No.: 1:93-cr-05021 JLT<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 323) |

Ray Martin Heffington moves the Court for an order terminating his supervised release early. He has been under supervision for approximately 20 months. For the reasons set forth below, the motion is **DENIED**. However, the Court **GRANTS** the request to modify the supervision to permit his travel to the Northern District of California and the District of Oregon without requiring him to obtain prior written permission.

**I. Background[1]**

In 1993, Mr. Heffington was convicted and sentenced on drug trafficking charges. Based upon the state of the law at the time, the Court sentenced him to life in prison. After passage of the First Step Act, on August 4, 2020, the Court resentenced Mr. Heffington to time served and he began supervised release this same day.

---

[1] Unless otherwise noted, this information comes from the presentence report (Doc. 20), and the probation officer's response to the motion.

1    Mr. Heffington asserts that due to his age and medical condition, and the fact that he has
2    completed 18 months[2] of supervised release, the Court should terminate his supervision early.
3    Alternatively, he seeks a modification of his condition to allow him to travel to Northern
4    California and Oregon without first obtaining approval to do so.

**II. Analysis**

The Court acknowledges its discretion to terminate supervision early in this case. In considering the motion, the Court notes, first, that the underlying offense, involved a significant volume of controlled substances and resulted in him being sentenced to life in prison. Second, despite having served 27 years in prison for these drug crimes, within months of release from prison, he ingested marijuana. He has offered no explanation for his using the drug and, though there is no evidence of further drug use, this conduct demonstrates bad judgment.

Third, despite the prohibition on having contact with felons, Mr. Heffington did so by writing to them in prison. In the Court's view, this speaks to his initial maladjustment on supervision. Despite these early missteps, however, the Court recognizes that he is now compliant with his supervision and appears to have been so for more than a year. Even still, the Court finds this to be an insufficient amount of time to grant the request for early termination of supervision. Thus, after considering all of the § 3583(e)(1) factors and most particularly those mentioned here, the motion for early termination of supervised release is **DENIED**.

///
///
///
///
///
///
///
///

---

[2] As noted, he has now completed about 20 months of supervision.

On the other hand, Mr. Heffington asks the Court to relieve him of the obligation to seek preapproval to travel to Northern California and Oregon. He reports that he has had to miss impromptu family events due to the time needed to obtain approval. Notably, the government does not object to this modification. Thus, the request is **GRANTED**, and Condition 3 is modified to allow Mr. Heffington to travel to the Northern District of California and the District of Oregon without requiring him receive preapproval.

IT IS SO ORDERED.

Dated:   **May 24, 2022**

UNITED STATES DISTRICT JUDGE